| | |
|---|---|
| | HONORABLE RICHARD A. JONES |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEIDI WESTRUM,<br><br>    Plaintiff,<br><br>    v.<br><br>CATHOLIC COMMUNITY SERVICES OF WESTERN WASHINGTON, et al.,<br><br>    Defendants. | CASE NO. C18-730-RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiff's "Motion to Remand to State Court or in the Alternative Motion to Compel Arbitration" ("Motion to Remand"). Dkt. # 7. Defendants oppose Plaintiff's Motion to Remand, and Plaintiff has filed a Reply. Dkt. ## 11, 13. For the reasons that follow, Plaintiff's Motion to Remand is **DENIED**. Dkt. # 7.

## I. BACKGROUND

On March 19, 2018, Plaintiff filed this action in King County Superior Court against Defendants Catholic Mutual Relief Society of America and Catholic Mutual Group (collectively, "Catholic Mutual"), which are the same entity and a foreign insurance company based in Nebraska, the Corporation of the Catholic Archbishop of Seattle ("Catholic Archbishop") and Catholic Community Services of Western

ORDER – 1

Washington ("CCSWW"). Dkt. # 1-1; Dkt. # 2, Ex. A. Defendants CCSWW and Catholic Archbishop are both Washington entities. Dkt. # 1-1.

In her Complaint, Plaintiff alleges that she was injured in a car accident on April 16, 2014 while she was a passenger in a van owned by CCSWW. Dkt. # 1-1, ¶ 3.2. The at-fault driver, Daniel Kidwell, was underinsured. *Id*. at ¶¶ 3.3, 3.5. Plaintiff contends that this motor vehicle accident triggered coverage under Defendants' uninsured motorist ("UIM") policy. *Id*. at ¶¶ 3.1-3.3. Plaintiff sued Mr. Kidwell in King County Superior Court and obtained a default judgment against him as an underinsured driver for $383,909.11 on November 17, 2017. *Id*. at ¶ 3.8.[1] After allegedly attempting to negotiate with Catholic Mutual to pay this amount, Plaintiff filed the current lawsuit. Plaintiff alleges that Catholic Mutual acted unreasonably by delaying and effectively denying plaintiff the UIM benefits to which she was entitled to from at least February 1, 2016. *Id*. at ¶¶ 3.10, 3.12.

Plaintiff alleges seven causes of action against all Defendants collectively: (1) "Entitlement to UIM Damages"; (2) Violation of the Insurance Fair Conduct Act ("IFCA") under RCW 48.30.015; (3) Breach of Good Faith Duty under 48.01.030; (4) Breach of Fiduciary Duty, pursuant to WAC 284-30 et seq.; (5) Breach of the Consumer Protection Act ("CPA") under RCW 19.86 et seq.; (6) Breach of Contract; and (7) Negligence. Dkt. # 1-1 at pp. 7-10.

On May 18, 2018, Defendants filed a Notice of Removal. Dkt. # 1. Defendants' Notice of Removal was supported by a Declaration which attached the redacted UIM Policy at issue in this matter. Dkt. # 2. On May 23, 2018, Plaintiff filed her Motion for Remand. Dkt. # 7. Plaintiff did not attach any declarations, but instead referred to Exhibits provided at Dkt. # 2. *Id*. On May 31, 2018, Defendants filed a verified copy of the state court pleadings, files, and records with this Court. Dkt. # 9.

---

[1] On June 1, 2018, Defendants contend that Catholic Mutual paid Plaintiff that amount plus interest. Dkt. # 12, ¶ 2, Ex. A.

ORDER – 2

## II. DISCUSSION

### A. Motion to Remand

Plaintiff moves to remand this action to state court, arguing a lack of complete diversity jurisdiction because two Defendants, Catholic Archbishop and CCSWW, are Washington entities. Dkt. # 7. Defendants argue that these two Defendants have been fraudulently joined because Plaintiff does not state a claim as to these entities. Dkt. # 11.

Removal is proper where the district court would have original jurisdiction over the state court action. *See* 28 U.S.C. § 1441(a). Diversity jurisdiction under § 1332(a) grants original jurisdiction to a district court when there is both complete diversity of citizenship and an amount-in-controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). The party seeking the federal forum bears the burden of establishing that federal jurisdiction is met. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013). Federal courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Diversity jurisdiction typically requires complete diversity, but "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder is a "term of art," and does not necessarily require actual fraud. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder of a non-diverse defendant is fraudulent, and the defendant's presence in the lawsuit is ignored for diversity purposes, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id*. The defendant "is entitled to present the facts showing the joinder to be fraudulent." *Id*.; *see also Morris*, 236 F.3d at 1068. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "[T]here is a general presumption against fraudulent joinder." *Id*.

ORDER – 3

There is no dispute that the amount in controversy is satisfied in this case, and that complete diversity exists between the parties outside of Catholic Archbishop and CCSWW. Instead, Defendants assert removal is proper because Plaintiff fails to state a claim against either Catholic Archbishop and CCSWW, and therefore these two Washington entities are fraudulently joined. Dkt. # 11. The Court agrees. The Complaint does not appear to allege any claim specifically against either Defendant. Dkt. # 1-1. Catholic Archbishop is not named in any factual allegation and there is no contention that Catholic Archbishop committed any negligent or wrongful act. The only factual allegation that mentions CCSWW contends that CCSWW is the owner of the vehicle driven by the at-fault driver. *Id*. at ¶ 3.2. This allegation alone, however, does not create liability or state a claim against CCSWW. Plaintiff fails, for instance, to allege any sort of vicarious liability on the part of CCSWW for the actions of the at-fault driver.

In fact, the Complaint does not allege any particular fault or negligence on the part of either Catholic Archbishop and CCSWW, the insureds, separate from the claims against Catholic Mutual, the insurer. All of Plaintiff's allegations and causes of action are based on or arise out of the UIM Policy. Dkt. # 1-1. As Defendants note, each of Plaintiffs' claims relate generally to all "Defendants," and does not distinguish between individual Defendants. Dkt. # 1-1 at ¶¶ 3.1-3.3. The Complaint only alleges that Catholic Mutual is an insurer. Dkt. # 1-1 at ¶¶ 1.2, 1.4, 1.5.

Defendants contend, and the Court agrees, that CCSWW and Catholic Archbishop are not insurers under RCW 48.01.050. Like Plaintiff, they are insureds on a policy of insurance issued by Defendant Catholic Mutual. Dkt. # 2, Ex. 3. All of Plaintiff's claims arise out of obligations and duties relating to the UIM, which only applies to insurers. For instance, Plaintiff's IFCA claim only applies to Defendants that are insurers. RCW 48.30.015. Plaintiff's CPA claims, breach of fiduciary and good faith duty claims, and breach of contract claims are all premised on the actions of the insurer, Catholic Mutual,

ORDER – 4

in relation to the UIM. Plaintiff identifies no contractual relationship between herself and the Washington Defendants, a necessity for the contract and CPA claims, nor does she identify any specific fiduciary duties or duties of good faith these Washington Defendants owed her. These claims simply do not apply to Defendants Catholic Archbishop and CCSWW.

Plaintiff's negligence claim is the only claim that could conceivably apply to either Washington Defendant, though it is plead so vaguely and only generally alleges the elements of negligence, that this Court cannot readily determine from the claim itself what conduct it applies to, though the Complaint appears to connect this allegation to adjustment of Plaintiff's insurance claims. *Id*. at ¶¶ 3.12, 10.1. Again, because this theory is premised on the actions of Catholic Mutual, the insurer, Catholic Archbishop and CCSWW would not be subject to this claim. Even if the Court construes Plaintiff's Complaint as alleging that Catholic Archbishop and CCSWW are responsible for the underlying collision in 2014 on a negligence theory, the three-year statute of limitations for bringing that claim lapsed before Plaintiff brought this suit in March 2018. RCW 4.16.080.

As such, Plaintiff's Complaint itself does not state any claims against Defendants CCSWW and Catholic Archbishop. In Plaintiff's Motion to Remand and Reply, Plaintiff fails to articulate any conceivable theory of liability against either Washington Defendant. Plaintiff contends that these Defendants are "necessary parties" to this action because "it appears that any judgment would include a portion to be paid by these local entities." Dkt. # 7 at 4. Plaintiff claims that the UIM contract has a "self-insured retention" clause that "seems to imply that the insured entity, Corporation of the Catholic Archbishop of Seattle, would have either a deductible or a portion that must be paid before the policy takes effect." *Id*. This does little to clarify matters, and it is not clear how this creates any legal liability for the Washington Defendants. Generally,

ORDER – 5

Washington courts hold that "'self-insurance' provisions are not insurance." *Bordeaux, Inc. v. Am. Safety Ins. Co.*, 145 Wash. App. 687, 694, 186 P.3d 1188 (2008); *see also Jones v. St. Paul Fire & Marine Ins. Co.*, No. 15-531 MJP, 2015 WL 4508884, at *4 (W.D. Wash. July 24, 2015) (finding that obligation for insured to pay self-insured retention did not convert insured into insurer, and dismissing fraudulently joined Washington defendant-insured). Plaintiff fails to show how this "self-insured retention" provision makes CCSWW and Catholic Archbishop insurers subject to the IFCA and Plaintiff's other claims.

Ultimately, the Court strains to see how there is any possibility that Plaintiff states a claim against CCSWW or Catholic Archbishop in this lawsuit. Any bad faith, negligence, breaches of fiduciary duty, breach of contract, or CPA violations in determining coverage under the UIM Policy were by the insurer, Catholic Mutual, not CCSWW or Catholic Archbishop, the insured entities. Moreover, no separate negligent action can lie for the insured entities arising out of 2014 car accident because such claims would be time-barred, among other reasons. The Court thus agrees that Catholic Archbishop and CCSWW appear to have been fraudulently joined in this action, as Plaintiff has failed to state a claim against these entities and this failure is obvious according to the settled rules of Washington. These fraudulently joined Defendants' citizenship is ignored for the purposes of determining diversity.

The Court thus finds that complete diversity exists and that it has jurisdiction over this matter, and Plaintiff's Motion to Remand is **DENIED**.

### 1. Plaintiff's Request for Attorney's Fees is Denied

In the Motion to Remand, Plaintiff also requests attorneys' fees pursuant to 28 U.S.C. § 1447(c). Dkt. # 7. Following remand of a case upon unsuccessful removal, the court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees

ORDER – 6

under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. But "when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

Here, it was not objectively unreasonable for Defendants to seek removal, as the non-diverse Defendants were fraudulently joined. Plaintiffs' request for an award of fees, costs, and expenses pursuant to 28 U.S.C. § 1447(c) is thus denied.

**B.     Motion to Compel Arbitration**

Plaintiff also requests this Court, in the alternative, compel arbitration pursuant to a clause in the UIM. Dkt. # 7 at 2. Defendants oppose, claiming the clause is inapplicable to the present dispute and that there is nothing to arbitrate. Dkt. # 11 at 2.

Under the Federal Arbitration Act, the Court's role in determining whether to compel arbitration turns on two questions: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id*.

The Court is not convinced, at this point, that the arbitration provision of the UIM contract applies to the present dispute. In her Motion, Plaintiff did not identify with any precision what terms of the arbitration clause compel arbitration in the present dispute. As Defendants point out, the arbitration provision covers disputes concerning entitlement to damages from underinsured motorist and the amount of those damages, but specifically excludes coverage disputes. Dkt. # 2 at 20. Defendants have also submitted evidence that Defendant Catholic Mutual has paid Plaintiff the amount of Plaintiff's Default Judgment, which raises the question of whether there is anything left to arbitrate under the UIM. Dkt. # 12 at ¶ 2, Ex. A. Plaintiff does not respond to these arguments on Reply, and the Court is disinclined to make such arguments on its own accord.

ORDER – 7

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand to the extent it seeks to compel arbitration. The denial of this point is without prejudice to Plaintiff's ability to submit a renewed motion that demonstrates why the arbitration provision in question applies to the present dispute.

### III. CONCLUSION

For all the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand. Dkt. # 7.

Dated this 30th day of January, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 8